[Crim. No. 33218. Second Dist., Div. Five. June 8, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD RAY SALAZAR, Defendant and Appellant.

## COUNSEL

Edward Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and Robert R. Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KAUS, P. J.**—After his motion to suppress evidence (Pen. Code, § 1538.5, subd. (a)) was denied, defendant entered a plea of guilty to the charge of possession for sale of a barbituric acid derivative, a controlled substance (Health & Saf. Code, § 11378). He appeals from the judgment of conviction (Pen. Code, § 1538.5, subd. (m)).

## FACTS

Information received from an untested informant caused Deputy Martinez and other officers to conduct a plain clothes surveillance of defendant Salazar as a suspected dealer in controlled substances. One evening Salazar was observed standing with another person outside of his home. The individual was handing money to Salazar who, as the officers approached, was holding a clear plastic bag which contained several hundred pink capsules. Salazar was counting out individual capsules and placing them in the cupped hand of the apparent buyer. When Deputy Martinez told Salazar not to move and flashed his identification badge, Salazar turned and threw the bag containing the capsules onto a second story balcony which, to the officer's knowledge, was part of Salazar's apartment. As the bag flew onto the porch, about 50 pills spilled onto the sidewalk and were recovered.

Salazar was arrested and searched. A key was taken from him. After knocking and receiving no response, Deputy Martinez admitted himself to the apartment. There is no evidence that he announced his purpose before entering. He was met by Salazar's mother who had been asleep. She then consented to a search of the apartment which yielded the bag on the porch which still contained about 300 pills.[1]

## DISCUSSION

■ This is, as noted, an appeal after a plea of guilty. Therefore the only issues before us relate to the constitutional validity of the seizure of the 300 pills from the balcony and the reversible nature of an erroneous ruling on that issue.

We have reached no conclusions concerning the legality of the seizure of the 300 pills. The record reveals substantial problems concerning Deputy Martinez' warrantless entry, the manner in which it was effected and hence, the validity of the mother's consent. We shall, however, pass these issues in order to explore the question whether there is some limit to the rule announced in *People* v. *Hill* (1974) 12 Cal.3d 731, 767-770 [117 Cal.Rptr. 393, 528 P.2d 1] that any erroneous ruling on a motion to suppress, followed by a guilty plea, precludes an appellate court from attempting to assess the prejudicial effect of the error. In *Hill* the stated reason for the rule was that where there is nothing in the record to

---

[1]In defendant's room Martinez found one dark red capsule. Our record contains no evidence that it was contraband. No further mention need be made of it.

indicate "what evidence or defenses the defendant is capable of producing . . ." there "simply is no intelligent means of assessing the impact of a particular erroneous refusal to suppress evidence." (*Id.,* p. 768.) This reasoning was fully applied in *People* v. *Rios* (1976) 16 Cal.3d 351 [128 Cal.Rptr. 5, 546 P.2d 293], where the police first made a legal seizure of 5,000 amphetamine pills, but followed it up with an illegal taking of 13,500 similar pills. The defendant pleaded guilty to one count of possession of amphetamines. The Supreme Court reversed, essentially because the defendant might have had a legitimate defense to the 5,000 pills—such as lack of knowledge or dominion or control—but none as to the 13,500.

As far as this case is concerned, try as we might, we cannot conceive of a reason, strategic, tactical or hunch-based, why defendant might have thought he had a defense to these charges which was in any way affected by the 300 pills recovered from the balcony. As noted the uncontradicted evidence is that those 300 pills came out of the same bag as the 50 which were recovered from the sidewalk.

*Hill* and *Rios* teach us that the application of the harmless error concept in the context of an erroneous refusal to suppress part of the prosecution's case, followed by a guilty plea, involves "an unacceptable degree of appellate speculation." (*People* v. *Hill, supra,* 12 Cal.3d at p. 768.) This very rationale presupposes that there is something to speculate about.[2] Where, as here, the appellate court cannot conceive of a rational basis for concluding that the guilty plea was triggered by the erroneous refusal to suppress some of the prosecution's evidence, the reason for the rule disappears. In this connection it is worth pointing out that even had the physical evidence recovered from the balcony been suppressed, its substance would still have been admissible. Nothing could have stopped Deputy Martinez from testifying, as he did at the motion to suppress, that the bag from which defendant was dealing was "filled out" and that he estimated that there were somewhere between 400 and 500 pink capsules inside it.

*Hill, Rios* and their issue are, after all, merely interpretations of the legislative intent behind section 1538.5, subdivision (m) of the Penal Code. (*People* v. *Hill, supra,* 12 Cal.3d at p. 769, fn. 38.) We hold that to

---

[2]In *Hill,* for example, it was a matter of speculation whether certain illegally seized tape recordings and receipts would prove incriminating. In *Rios,* as noted, one could speculate whether the defendant had a defense with respect to the 5,000 pills which he did not have as far as the 13,500 were concerned.

reverse under the circumstances of this case would be an absurd interpretation of that statute. As such, it is to be shunned. (See *Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014] and cases cited therein.)

Affirmed.

Stephens, J., and Ashby, J., concurred.